UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAURI GRIFFIN,

    Petitioner,

v.                                        Case No: 2:16-cv-701-FtM-38CM
                                                                   2:13-cr-152-FtM-38CM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Petitioner Tauri Griffin (Petitioner or Griffin) initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on September 14, 2016. (Doc. 1).[2] The United States filed a Motion to Dismiss (Doc. 10), which the Court construes as a response to the § 2255 motion, on December 13, 2016 (Doc. 10). Griffin filed a reply on March 20, 2017 (Doc. 14). For the following reasons, Petitioner's motion is denied.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

## BACKGROUND

On November 13, 2013, a federal grand jury in Fort Myers, Florida returned a nine-count Indictment charging Petitioner with possession of cocaine and cocaine base with intent to distribute, possession of a firearm by a convicted felon, and possession of firearms in furtherance of a drug-trafficking offense.[3] (Cr. Doc. 1). The Indictment lists seven prior felony convictions, all from the state of Florida: three convictions for sale of cocaine within 1,000 feet of a place of worship in violation of Fla. Stat. § 893.13, three convictions for possession of cocaine with intent to distribute in violation of Fla. Stat. § 893.13, and one conviction for grand theft.[4] (*Id.*) Petitioner pleaded guilty to Counts 1, 2, 3, 4, 5, 7, and 8, and the Court, upon the Government's request, dismissed Counts 6 and 9. (Cr. Doc. 62). Griffin acknowledged in the plea agreement and during the plea colloquy that he understood that the Armed Career Criminal Act would apply to increase the mandatory minimum sentence for Counts 1, 4, and 7 to fifteen years, and the maximum penalties that could apply. (Cr. Doc. 39, ¶ 3).

In his Presentence Investigation Report ("PSR"), it was recommended that Petitioner be classified as an armed career offender based in part upon his convictions for selling, manufacturing, or delivering a controlled substance within 1,000 feet of a place of worship and using a firearm in connection with the offense (Cr. Doc. 46, ¶¶ 32-34).

---

[3] Under the Armed Career Criminal Act of 1984 ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(2)(B). *See Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015).

[4] The Offense Conduct section of the Presentence Investigation Report (Cr. Doc. 46, ¶¶ 13-17), states that Griffin was taken down by undercover narcotics officers with the help of a confidential informant, conducting controlled buys from August-November 2013.

Petitioner had a recommended criminal history category of VI, based upon his criminal history and his career offender status, and he faced a United States Sentencing Guidelines imprisonment range of 292 to 365 months (*Id.* at ¶¶ 56, 99).

At sentencing, the Court found Petitioner to be a career offender and adopted the PSR's advisory guidelines range. (Cr. Doc. 68). Petitioner was sentenced to 300 months in prison, to be followed by a term of supervised release. (*Id.*) Griffin appealed his sentence (Cr. Doc. 64). On June 25, 2015, the Eleventh Circuit granted the Government's motion to dismiss the appeal based on the appeal waiver in Griffin's plea agreement (Cr. Doc. 77).

Petitioner's timely § 2255 motion raises five grounds for relief, all based upon ineffective assistance of counsel. (Docs. 1, 14). The United States argues in response that by pleading guilty Griffin agreed to waive his right to collaterally attack his sentence; that Petitioner is procedurally defaulted on his claims; that Petitioner qualifies as an armed career criminal; and the Petition otherwise fails on the merits. (Doc. 10).

## DISCUSSION

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or

3

grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. See *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under § 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are affirmatively contradicted by the record or patently frivolous).

Here, because each of the claims raised in the § 2255 motion is either time-barred, procedurally barred, contrary to law, or affirmatively contradicted by the record, an evidentiary hearing is not required. See *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

### A. Waiver

The Court first addresses the Government's argument that Petitioner waived his right to collaterally attack his sentence - and easily rejects this argument. Although the Government argues that a § 2255 motion falls within the scope of the appeal waiver contained within the plea agreement, a review of the waiver shows this is not the case:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to United States Sentencing Guidelines, except (a) the grounds that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. 39, ¶ 7) (emphasis in original). During the plea colloquy the Magistrate Judge stated: "Under this plea agreement, however, you give up and waive your right to appeal or otherwise challenge the sentence which is imposed upon you, except in certain specific circumstances." (Cr. Doc. 73, 21:15-19).

The Court finds that although Petitioner did waive his right to direct appeal, he did not agree to waive his right to collaterally attack his sentence. Other than the cursory argument that the right to collaterally attack the sentence is within the scope of the waiver, the Government does not otherwise explain how this is so, and the Court will not construe the plea agreement in favor of the Government at the expense of Petitioner. Therefore, the Government's waiver argument fails and the Court will turn to the merits of the Petition.

5

## B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). These two elements are commonly referred to as the performance and prejudice prongs. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If a petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals:

> [The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). It falls upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient and that counsel's deficient performance "affected the outcome of the plea process." *Id.* at 59. To establish prejudice under the *Hill* test, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id.*

### 1. Petitioner's prior controlled substance offense was properly used to classify him as a career offender

Petitioner argues that counsel was ineffective for failing to object to the use of his prior drug conviction as a predicate "career offender" offense under the United States Sentencing Guidelines ("U.S.S.G."), and failure to object and argue that his prior convictions do not qualify as "serious drug offenses." (Doc. 1, Grounds One and Five). Petitioner argues that if his counsel would have objected to the use of the Florida drug convictions, the Court would have traced the history of the Florida statutory scheme in place at the time of his state drug convictions and found that the convictions did not qualify as serious drug offenses, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016). This argument fails for two reasons.

First, *Mathis* was decided on June 23, 2016 - long after the conclusion of Griffin's direct appeal. The Eleventh Circuit has specifically held that *Mathis* did not announce a new rule of constitutional law; rather it merely provided guidance to courts in interpreting an existing criminal statute. *In re Hernandez*, 857 F.3d 1162, 1163 (11th Cir. 2017). Accordingly, this claim, raised for the first time on September 14, 2016, is clearly time-barred.

Next, Petitioner's ineffective assistance argument does not entitle him to relief because his convictions under Florida Statute § 893.13 is a U.S.S.G. § 4B1.1 controlled substance offense.[5] Petitioner was convicted of possession of marijuana with intent to sell within 1,000 feet of a place of worship on September 7, 1999; selling cocaine within 1,000 feet of a place of worship on November 2, 2000; and possession of cocaine with intent to distribute on November 2, 2000 (Cr. Doc. 46, ¶ 32).[6] These convictions were used to classify him as a career offender under U.S.S.G. § 4B1.1. (*Id.*) Petitioner's arguments are foreclosed by the Eleventh Circuit's opinion in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) which held that convictions under Florida Statute § 893.13 qualify as controlled substance offenses under U.S.S.G. § 4B1.2(b) despite the statute's lack of a *mens rea* element. *Id.* at 1268; *see also United States v. Perez-Prado*, 598 F. App'x 739, 740 (11th Cir. 2015) (it was error for the district court to conclude that petitioner's conviction under § 893.13 did not qualify as a controlled substance offense pursuant to § 4B1.2(b)).

---

[5] Under the sentencing guidelines, a defendant is a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). "Controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

[6] Pursuant to Florida Statute § 893.13(1)(e), a "person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services[.]" *Id.* A violation of this statute is punishable by up to fifteen years in prison. Fla. Stat. § 775.082(3)(c).

Given that Petitioner's conviction under Florida Statute § 893.13 is a controlled substance offense, the Court did not err when it concluded that Petitioner's prior drug conviction qualified as a controlled substance offense under U.S.S.G. § 4B1.2(b) and sentenced him as a career offender. Because Petitioner's legal argument is meritless, he cannot show he was prejudiced by counsel's failure to raise it.

**2. Whether to plead guilty or proceed to trial**

Petitioner argues that counsel failed to advise him that he could face more than 20 years in prison, including failing to advise him of the mandatory consecutive term of 60 months. Petitioner states that if he would have known he faced 300 months in prison he would not have pled guilty, and would have proceeded to trial. (Doc. 1, Ground Two).

"A guilty plea is more than a confession which admits that the accused did various acts." *United States v. Broce*, 488 U.S. 563, 570 (1989) (citations omitted). "By entering a plea of guilty, the accused is not simply stating that [s]he did the discrete acts described in the indictment; [s]he is admitting guilt of a substantive crime." *Id.* For this reason, the United States Constitution requires that a guilty plea must be voluntary, and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. *United States v. Ruiz*, 536 U.S. 622, 629 (2002); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). A criminal defendant who has pled guilty may attack the voluntary and knowing character of the guilty plea, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992), or the constitutional effectiveness of the assistance she received from her attorney in deciding to plead guilty, *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of her guilty plea. *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the district judge not to accept a plea without determining these "core concerns." "With respect to the Sentencing Guidelines, where the court confirms that a defendant is aware of the Guidelines and has discussed the effect of the Guidelines on his sentence with his attorney, Rule 11 compliance has occurred." *United States v. Bokerman*, 543 F. App'x 974, 976 (11th Cir. 2013). Relief from a Rule 11 violation is available "only in the most egregious cases." *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2339 (2004).

The Court finds no grounds for prejudice or miscarriage of justice. Petitioner was advised by the Court of the applicable minimum mandatory terms of imprisonment at the plea colloquy as well as at sentencing, which Petitioner acknowledged that he understood, and informed Petitioner at sentencing that he was facing 60 months on Count 3 to run consecutively. (Cr. Doc. 73, 16:2-17:24; Cr. Doc. 68, 29:8-12). Furthermore, the plea agreement itself contains a provision regarding the nonbinding nature of sentencing recommendations:

> It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted

> to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendation contained herein.

(Cr. Doc. 39, ¶ 6).

"There is a strong presumption that the statements made during the colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citing *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987)). Petitioner was made aware of the minimum mandatory terms of imprisonment, and that any predictions by counsel were not binding on the sentencing Court because the Presentence Report had not yet been created, which he acknowledged that he understood. (Cr. Doc. 73, 21:4-11). *See also United States v. Bokerman*, 543 F. App'x 974, 976 (11th Cir. 2013) (finding nothing in the record to indicate that, but for the failure to mention that U.S. Sentencing Guidelines Manual § 2G2.2, petitioner would not have entered his guilty plea). The fact is that neither the non-sentencing judge, nor counsel for Petitioner, or even the government had a presentence report such that the criminal history category could be accurately determined.

To the extent Petitioner is arguing that he would have withdrawn his guilty plea and proceeded to trial if he had been properly advised of the applicable guideline factors, the Court considers the totality of the circumstances when determining whether a defendant would have withdrawn their guilty plea, "including: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw the plea." *United States v. Gittens,*

No. 16-14572, 2017 WL 2859509, at *1 (11th Cir. July 5, 2017) (citing *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988)).

As of the date of sentencing, petitioner had not sought to withdraw his plea, even if he did lose the opportunity to timely object to the recommendation. Petitioner also did not raise the issue on direct appeal. Petitioner was represented by counsel throughout the proceedings, including his direct appeal, and the Court has determined that the guilty plea was knowing and voluntary. Moreover, regardless of what conversations took place between counsel and petitioner before the change of plea hearing, Petitioner stated on the record that he understood the consequences of the guilty plea, including that the sentence could not be predicted. Because Petitioner's allegations are "affirmatively contradicted by the record", by his own responses at the change of plea hearing, no hearing is required and no relief is warranted based on "unsupported generalizations." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

### 3. Failure to file a motion to dismiss

Petitions argues under Ground Three that counsel was ineffective for failing to raise what is essentially an entrapment defense in a motion to dismiss. (Doc. 1, Ground Three). Petitioner entered a plea of guilty pursuant to a plea agreement containing an appeal waiver with three limited exceptions:

> (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution.

(Cr. Doc. 39, ¶ 7). This substantive argument does not fall within the parameters of the exceptions, and the appeal waiver is enforceable when a defendant is specifically

questioned during the plea colloquy about the waiver, which is the case here, and defendant confirms is understanding of it significance. *Bokerman*, 543 F. App'x at 976. Because the issue was not raised on direct appeal, the issue will be dismissed pursuant to the appeal waiver.

Moreover, Petitioner was aware, prior to entering his plea,that counsel had not filed a motion to dismiss. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. This is because a defendant who pleads guilty is convicted and sentenced according to his plea and not upon the evidence. *Brady v. United States*, 397 U.S. 742, 750 (1970).

### 4. Remaining arguments

Petitioner also argues that the plea agreement was never executed. (Doc. 1, p. 4). A review of the plea agreement (Cr. Doc. 39) clearly shows that it was signed and initialed by Griffin on every page.

Petitioner finally asserts that he did not understand the difference between the Magistrate Judge and the District Judge, and counsel was inadequate for failing to explain to him that pleading guilty in front of the Magistrate Judge would have no impact on his sentence. (Doc. 1, Ground Four). While unclear, Petitioner seems to be arguing that he believed that pleading guilty in front of the Magistrate Judge would result in some sort of reduction in his sentence. There is no indication in the record that his counsel caused this confusion (indeed, Petitioner states that his counsel failed to explain the difference to him). Furthermore, the record shows that Griffin was advised by the Magistrate Judge at

the plea colloquy of his right to consent to enter a plea in front of a District Judge, which he stated he understood. (Cr. Doc. 73, 11:17-12:6). Most importantly, Petitioner has not shown that pleading guilty in front of the Magistrate Judge prejudiced him in any way.

Accordingly, it is now

**ORDERED:**

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 2:13-cr-152-FTM-38CM and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 78) pending in that case.

**IT IS FURTHER ORDERED:**

4. **A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted).  Petitioner has not made the requisite showing in these circumstances.

     5.    Because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

     **DONE** and **ORDERED** in Fort Myers, Florida this 14th day of November, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Tauri Griffin
Counsel of Record